# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANGEL AMAYA,<br><br>Defendant. | No. CR 11-4065-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING THE IMPOSITION OF SANCTIONS AND THE PROSECUTION'S MOTION TO RECONSIDER** |

_____

On April 10, 2012, I entered a Memorandum Opinion And Order Regarding Defendant Angel Amaya's Motion To Suppress GPS System (docket no. 350), in which I denied the motion to suppress, but found that Special Agent Jensen had acted in bad faith in failing to disclose the use of GPS monitoring in his reports regarding surveillance of Amaya. I set a hearing on sanctions for the prosecution's discovery violation for April 20, 2012, and requested briefing on the issue of what sanctions I may and should impose. Subsequently, the prosecution, on April 18, 2012, filed a Motion To Reconsider (docket no. 362) my finding that the agent acted in bad faith, and included in this briefing its arguments regarding what sanctions, if any, should be imposed. I moved the hearing on sanctions to April 30, 2012, and ordered that Amaya file any response to the prosecution's Motion To Reconsider by April 26, 2012. On April 19, 2012, Amaya filed his brief (docket no. 365) responding to my request for briefing on what sanctions should be imposed. The prosecution filed a response (docket no. 368) to Amaya's brief on April 24, 2012, and Amaya filed his resistance (docket no. 374) to the prosecution's Motion To Reconsider on April 26, 2012.

On April 30, 2012, I held a hearing on sanctions and the prosecution's Motion To Reconsider. Special Agent David Jensen testified, and both parties presented argument. I orally withdrew my finding that Special Agent Jensen acted in bad faith but indicated that a written order would follow, explaining my reasoning. After hearing Special Agent Jensen's testimony, I am convinced that, although he did not refer to the use of GPS devices in his reports, he did so in order to comply with the directives he had received from his DEA supervisors. Special Agent Jensen testified that, several years ago, after a few incidents in which agents referred to GPS devices in their reports, his supervisor specifically instructed all agents not to mention GPS devices in their reports. Special Agent Jensen has written his reports in compliance with that order ever since. Also, I find that the DEA policy I reviewed is, itself, somewhat confusing, in that it, on the one hand, directs agents to reveal what information they observed, but not how; yet, on the other hand, provides that agents should not create a situation in which defense counsel could suggest they are hiding evidence. Thus, any mistake on Special Agent Jensen's part in reading the policy was an honest one due to the wording of the policy, rather than bad faith. In its Motion To Reconsider, the prosecution also included excerpts from Special Agent Jensen's testimony at the preliminary detention hearing (which had not previously been provided to me), in which Special Agent Jensen indicated that he had used electronic surveillance of Amaya, which lends further credence to the prosecution's argument that Special Agent Jensen did not intend to hide evidence from Amaya. I am persuaded that Special Agent Jensen, when he did not refer to GPS devices in his reports, acted to comply with DEA directives, not in bad faith to hide evidence from the defense. Therefore, the prosecution's Motion To Reconsider my finding of bad faith (docket no. 362) is **granted**. I withdraw that portion of my opinion (docket no. 350 at 23-24), in which I found that Special Agent Jensen acted in bad faith.

I also impose no sanctions on the prosecution for its failure to disclose the use of GPS devices. I have evaluated the factors that district courts should consider when crafting sanctions for discovery violations, as identified by the Eighth Circuit Court of Appeals in *United States v. Pherigo*, 327 F.3d 690 (8th Cir. 2003): "(1) whether the Government acted in bad faith and the reason(s) for delay in production; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance." *See id.* at 694. First, I have determined that there was no bad faith on the part of the prosecution, as explained above. Second, the prejudice[1] to Amaya has, for the most part, been remedied by the mistrial and the

---

[1] Amaya devotes much of his briefing to arguing that I erred, in my April 10, 2012, Memorandum Opinion And Order, in determining that no *Brady* or Jencks Act violation occurred when the prosecution failed to disclose the use of GPS monitoring. As to his *Brady* argument, even if the evidence regarding the use of GPS devices was favorable and material to Amaya (and Amaya has not argued convincingly that it is), the remedy for a *Brady* violation would be a new trial so that Amaya would have the opportunity to take advantage of this newly disclosed evidence and respond to it. *See United States v. Porchay*, 651 F.3d 930, 942 (8th Cir. 2011); *United States v. Babiar*, 390 F.3d 598, 600 (8th Cir. 2004) ("First, to the extent the prosecution violated *Brady* by failing to disclose evidence favorable to [the defendant], the district court properly remedied any *Brady* error before the second trial. As the district court stated, 'Defendant received a full and adequate remedy when he was granted a new trial.'"). I granted Amaya a mistrial in December, and the prosecution disclosed GPS-related evidence in January. Amaya's new trial is scheduled to begin on May 29, 2012. He will have had plentiful opportunity to take advantage of the GPS-related evidence by then.

Furthermore, there is no Jencks Act violation. Amaya maintains that the prosecution violated Jencks by failing to disclose Special Agent Jensen's surveillance reports that were created after Amaya's second trial. Therefore, Amaya urges me to strike Special Agent Jensen as a witness. These statements by Special Agent Jensen were not in existence at the time of the trial but, rather, were produced in January to provide more information to the defense about how GPS tracking was used. The Jencks Act only applies

(continued…)

opportunity for Amaya to file a motion to suppress,[2] as I have already noted in my prior opinion (docket no. 350).  While I am sympathetic to Amaya's arguments regarding the additional cost that he has endured as a result of prolonged litigation, I note that his counsel has now been appointed, which should help to alleviate the continuing financial strain of trial.  Third, I do not believe a sanction is necessary to ensure future compliance.

---

[1](…continued)
to statements of witnesses in the prosecution's possession, and these reports were not in the prosecution's possession at the time of Amaya's trial.  *See United States v. Stroud*, 673 F.3d 854, 863 (8th Cir. 2012) ("'The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination.'" (quoting *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992) and citing 18 U.S.C. § 3500(b))).  Again, even if the reports somehow were Jencks Act material, I have already granted Amaya the broadest remedy available under the Jencks Act: a mistrial.  *See* 18 U.S.C. § 3500(d) ("If the United States elects not to comply with an order of the court under subsection (b) or (c) hereof to deliver to the defendant any such statement, or such portion thereof as the court may direct, the court shall strike from the record the testimony of the witness, and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared.").  There is no reason to strike Special Agent Jensen as a witness when Amaya has already received the surveillance reports well in advance of his new trial date.

[2] I also address a concern that Amaya raises in his resistance (docket no. 374) to the prosecution's Motion To Reconsider, which appears to be due to some confusion about new evidence produced by the prosecution.  In its Motion To Reconsider, the prosecution stated that its motion "is based, in part, on evidence that was not presented to the Court during the suppression hearing that sheds additional light on Special Agent Jensen's intent in this matter."  (Docket no. 362 at 3.)  Amaya took this statement to mean that there is additional evidence that the prosecution has not revealed to the defense, but I disagree.  It is my understanding that the prosecution refers only to evidence not previously revealed to the Court, which the prosecution provided in its Motion To Reconsider to help me understand whether Special Agent Jensen acted in bad faith: namely, Special Agent Jensen's preliminary detention hearing testimony and Exhibit 1, a copy of one of Special Agent Jensen's reports that refers to the Title III affidavit.

Special Agent Jensen indicated that DEA policy has changed, after *United States v. Jones*, 132 S. Ct. 945 (2012), so that agents will now indicate the use of GPS devices in their reports. Therefore, I have decided not to impose sanctions in this case.

THEREFORE, the prosecution's Motion To Reconsider my finding of bad faith (docket no. 362) is **granted**. I withdraw that portion of my opinion (docket no. 350 at 23-24), in which I found that Special Agent Jensen acted in bad faith. Additionally, I impose no sanctions on the prosecution.

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2012.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA